ATTORNEY GENERAL LOVING HAS RECEIVED YOUR REQUEST FOR AN OPINION ON THE FOLLOWING QUESTIONS:
 1. IS THERE ANY STATUTORY OR CONSTITUTIONAL PROVISION PROHIBITING A LOBBYIST EMPLOYED BY A MUNICIPALITY, PUBLIC TRUST, COUNTY, SCHOOL DISTRICT OR THE STATE, FROM REPRESENTING SUCH GOVERNMENTAL ENTITY AND ALSO BEING EMPLOYED AS A REPRESENTATIVE OR LOBBYIST OF ANY GROUP, ASSOCIATION OR BUSINESS THAT EITHER BIDS FOR CONTRACTS OR CONTRACTS WITH THAT GOVERNMENTAL ENTITY?
 2. IS THERE ANY STATUTORY OR CONSTITUTIONAL PROVISION PROHIBITING A LOBBYIST FROM ASSISTING A CLIENT IN OBTAINING A CONTRACT FROM A MUNICIPALITY, PUBLIC TRUST, COUNTY, SCHOOL DISTRICT OR THE STATE AND THEN CONTRACTING WITH SUCH CLIENT TO PERFORM THE CONTRACT HIMSELF?
AS YOUR INQUIRY CAN BE ANSWERED BY ESTABLISHED PRINCIPLES OF LAW, AN OFFICIAL OPINION OF THE ATTORNEY GENERAL DOES NOT APPEAR TO BE NECESSARY. FURTHERMORE, YOUR ISSUES INVOLVE FACTUAL QUESTIONS AND IT HAS BEEN THE POLICY OF THIS OFFICE THAT WE ARE UNABLE TO ANSWER LEGAL QUESTIONS TURNING ON FACTUAL ISSUES. HOWEVER, THE ATTORNEY GENERAL WISHES TO GIVE YOU SOME GUIDANCE BASED UPON PERTINENT CASE LAW. THE DISCUSSION WHICH FOLLOWS IS THEREFORE, THE ANALYSIS AND CONCLUSIONS OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL.
FOR AN ANALYSIS OF YOUR QUESTIONS, THE STARTING POINT IS 74 O.S. 4202 (1990) WHICH DEFINES LOBBYING AS A "MEANS OF PROMOTING, OPPOSING OR ATTEMPTING TO INFLUENCE ANY OFFICIAL ACTION . . ." 74 O.S. 4227 OF TITLE 74 SPECIFIES THE REQUIREMENTS AND IDENTIFIES THE INDIVIDUALS WHO MUST REGISTER AS LOBBYISTS WITH THE OKLAHOMA ETHICS COMMISSION. SECTION 4229 OF TITLE 74 DETAILS WHAT INFORMATION MUST BE INCLUDED IN THE REGISTRATION FORM. THE REQUIRED INFORMATION INCLUDES THE REGISTRANT'S NORMAL BUSINESS AND BUSINESS ADDRESS AS WELL AS THE FULL NAME AND ADDRESS OF EACH PERSON ON WHOSE BEHALF THE REGISTRANT IS TO LOBBY. ADDITIONALLY, SECTION 4243 PROVIDES THAT ALL OF THESE REPORTS ARE PUBLIC RECORDS AND MUST BE AVAILABLE FOR PUBLIC INSPECTION PURSUANT TO THE OPEN RECORDS ACT.
ALTHOUGH 74 O.S. 4200 ET SEQ. DO NOT SPECIFICALLY ADDRESS LOBBYING AND CONFLICTS OF INTEREST, BOTH OF YOUR QUESTIONS MAY BE ANSWERED BY EXAMINING THE GENERAL PRINCIPLES OF FIDUCIARY RELATIONSHIPS IN AGENCY LAW.
IN RESPONDING TO YOUR FIRST QUESTION, I AM USING THE FOLLOWING WORKING HYPOTHETICAL. A GOVERNMENTAL ENTITY HIRES AN INDIVIDUAL TO LOBBY THE STATE LEGISLATURE. ANOTHER COMPANY — WHO DOES BUSINESS WITH THE GOVERNMENTAL ENTITY — ALSO HIRES THE SAME PERSON TO LOBBY THE STATE LEGISLATURE.
IN BUTCHER V. MCGINN, 706 P.2D 878, 882 (OKLA. 1985), THE OKLAHOMA SUPREME COURT REITERATED THE WELL SETTLED STANDARD THAT AN AGENT MUST ACT IN GOOD FAITH. THIS REQUIRES THE AGENT TO KEEP THE PRINCIPAL WELL INFORMED AS TO ALL MATERIAL FACTS AFFECTING THE PRINCIPAL S INTEREST. CITING WILCOX V. REYNOLDS, 36 P.2D 488 (OKLA. 1934) (EMPHASIS ADDED.) THUS, AN AGENT, WITHOUT CONSENT OF THE PRINCIPAL, CANNOT IN THE SAME TRANSACTION ACT AS AGENT OF ONE PRINCIPAL AND ALSO AGENT OF ANOTHER PRINCIPAL. BAKER V. HEILIQER, 156 P.2D 592 (OKLA. 1944).
HOWEVER, AN AGENT MAY ACT FOR ADVERSE PARTIES WHERE THE PRINCIPALS POSSESS FULL KNOWLEDGE OF THE FACTS AND CONSENT TO SUCH REPRESENTATION. GREEN V. MEE, 173 P.2D 217 (OKLA. 1946). AN AGENT WHO HAS TWO PRINCIPALS HAS THE SAME DUTIES OF FAIRNESS, DISCLOSURE AND ADVICE TO EACH PRINCIPAL AS IF HE WERE REPRESENTING HIM ALONE. REDBIRD ENGINEERINQ SALES. INC. V. BI-STATE DEVELOPMENT AGENCY. 806 S.W.2D 695 (MO.APP. 1991).
ADDITIONALLY, THE SAME PERSON MAY ACT AS AGENT FOR TWO PARTIES WHEN THE PARTICULAR INTEREST OF THE TWO PARTIES DOES NOT CONFLICT AND WHERE LOYALTY TO ONE DOES NOT NECESSARILY CONSTITUTE BREACH OF DUTY TO THE OTHER. KNUDSON V. WEEKS 394 F.SUPP. 963 (W.D OKLA. 1975.)
THEREFORE, BASED UPON THE GENERAL PRINCIPLES OF AGENCY LAW, A LOBBYIST MAY CLEARLY REPRESENT BOTH A GOVERNMENTAL ENTITY AND A COMPANY EVEN WHEN THE GOVERNMENTAL ENTITY DOES BUSINESS WITH THE OTHER COMPANY, IF HE DOES NOT REPRESENT THE COMPANY IN DEALINGS WITH THAT GOVERNMENTAL ENTITY. A LOBBYIST MIGHT BE ABLE TO REPRESENT BOTH IN ANY TRANSACTION IF BOTH PRINCIPALS POSSESS FULL KNOWLEDGE OF THE FACTS AND CONSENT TO SUCH REPRESENTATION.
IN RESPONSE TO YOUR SECOND QUESTION, THERE IS CLEARLY NO CONFLICT OF INTEREST. AN AGENT MAY ASSIST IN OBTAINING A CONTRACT FOR HIS PRINCIPAL AND IF THE PRINCIPAL SO DESIRES, THE AGENT MAY PERFORM THE CONTRACT. THUS, ABSENT ANY CONTRACT PROVISION TO THE CONTRARY, A LOBBYIST MAY ASSIST IN PERFORMING A CONTRACT AS LONG AS HE HAS MADE FULL DISCLOSURE TO HIS PRINCIPAL.
(KARIN M. KRIZ)